## Case No. 12,617.

SEDGWICK v. MENCK et al.

[1 N. B. R. 425 (Quarto, 108).] [1]

District Court, S. D. New York. 1868.

INJUNCTION—BANKRUPTCY—RESTRAINT OF SUIT IN STATE COURT.

An injunction may be issued out of the United States district court, sitting in bankruptcy, to restrain certain creditors of the bankrupt from all further proceedings in a state court, and from intermeddling or interfering with the bankrupt's property, which had been fraudulently assigned by him, before the commencement of proceedings in bankruptcy, to an assignee of his own selection.

[This was a bill by John Sedgwick, assignee of Andrew Beiser, against William Menck and Charles B. Bostwick. Heard on motion to vacate or modify an injunction.]

BLATCHFORD, District Judge. On a bill filed by the assignee, setting forth that in 1857 the bankrupt had made an assignment of his real and personal estate to the defendant Menck; that such assignment was in fraud of Beiser's creditors; that Menck still had the property or the proceeds thereof; that the defendant Bostwick, as receiver, had obtained a judgment of the court of common pleas of this city, setting aside said assignment as fraudulent and void, and directing the transfer of the property to such receiver; that an appeal from such judgment was now pending undetermined in the court of appeals; an injunction had been issued restraining the defendants from all proceedings in the court of appeals, and from intermeddling or interfering with the assigned property or the proceeds thereof. Messrs. C. Bainbridge Smith and N. B. Hoxie, for Mr. Bostwick, the receiver, applied to modify or vacate the injunction. Mr. Banks appeared for the assignee. It was insisted that by force of the bankrupt act, the assigned property had become vested in the assignee for the benefit of all the creditors of the bankrupt, and to be administered in this court by the assignee, and that either an affirmance or reversal of the judgment of the court of common pleas might, by ripening a lien or declaring the judgment erroneous, very materially interfere with the rights and duties of the assignee. After argument, his honor sustained the injunction and denied the motion to vacate or modify the same.

[For a hearing on motion to dissolve the above injunction, see Case No. 12,616.]